# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1905-18T5

IN THE MATTER OF THE
CIVIL COMMITMENT OF
I.O., SVP-440-06.

_____

Argued May 14, 2019 – Decided May 24, 2019

Before Judges Fisher, Hoffman and Suter.

On appeal from Superior Court of New Jersey, Law Division, Essex County, SVP-440-06.

Joan D. Van Pelt, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney).

Victoria Ply, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney).

PER CURIAM

I.O. is a resident of the Special Treatment Unit (STU), the secure custodial facility designated for the treatment of persons in need of commitment under the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38. See N.J.S.A. 30:4-27.34a. He appeals from a December 21,

2018 order that continues his commitment.[1]  We affirm substantially for the reasons stated by Judge Philip M. Freedman in his oral decision.

A person who has committed a sexually violent offense may be confined only if suffering from an abnormality that causes serious difficulty in controlling sexually violent behavior such that commission of a sexually violent offense is highly likely without confinement "in a secure facility for control, care and treatment."  In re Commitment of W.Z., 173 N.J. 109, 120, 132 (2002).  Annual review hearings to determine whether the person remains in need of commitment despite treatment are also required.  N.J.S.A. 30:4-27.35; N.J.S.A. 30:4-27.32.[2]  An order of continued commitment under the SVPA, like an initial order, must be based on "clear and convincing evidence that an individual who has been convicted of a sexually violent offense, suffers from a mental abnormality or personality disorder, and presently has serious difficulty controlling harmful sexually violent behavior such that it is highly likely the individual will reoffend" if not committed.  In re Civil Commitment

---

[1]  I.O. was initially committed in 2006 and his commitment has been continued since.  See, e.g., In re Civil Commitment of I.O., No. A-1807-16 (App. Div. July 9, 2018); In re Civil Commitment of I.O., No. A-4270-09 (App. Div. Sept. 17, 2010).

[2]  In addition, if the STU "treatment team determines that the person's mental condition has so changed that the person is not likely to engage in acts of sexual violence if released, the treatment team [must] recommend" authorization for a petition for discharge.  N.J.S.A. 30:4-27.36a.

of G.G.N., 372 N.J. Super. 42, 46-47 (App. Div. 2004); see also In re Commitment of R.F., 217 N.J. 152, 173 (2014); W.Z., 173 N.J. at 132; In re Civil Commitment of J.J.F., 365 N.J. Super. 486, 496-501 (App. Div. 2004); In re Civil Commitment of V.A., 357 N.J. Super. 55, 63 (App. Div. 2003); In re Civil Commitment of E.D., 353 N.J. Super. 450, 455-56 (App. Div. 2002); N.J.S.A. 30:4-27.26; N.J.S.A. 30:4-27.32; N.J.S.A. 30:4-27.35. "[O]nce the legal standard for commitment no longer exists, the committee is subject to release." E.D., 353 N.J. Super. at 455; see also W.Z., 173 N.J. at 133; N.J.S.A. 30:4-27.32; N.J.S.A. 30:4-27.35.

Our review is "extremely narrow." R.F., 217 N.J. at 174; see also V.A., 357 N.J. Super. at 63. Trial judges who hear these matters are "'specialists' and 'their expertise in the subject' is entitled to 'special deference.'" R.F., 217 N.J. at 174 (quoting In re Civil Commitment of T.J.N., 390 N.J. Super. 218, 226 (App. Div. 2007)). So, we give a judge's determination the "utmost deference" and will intervene or modify the determination "only where the record reveals a clear abuse of discretion." Ibid.; see also In re Civil Commitment of J.P., 339 N.J. Super. 443, 459 (App. Div. 2001). The judge's decision, when compared to the record on appeal, commands that deference. The commitment order under review is adequately supported by the record and consistent with the controlling legal principles. Judge Freedman credited the

State's proofs and rejected appellant's testimony, finding that the appellant was "not a credible witness" and, "[u]nfortunately, . . . [had] only made a little bit of progress" since his situation was last reviewed.  We have been offered no principled reason for second-guessing the experienced judge's fact findings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1905-18T5